IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | |
|---|---|
| ZACHERY EASTER | § |
| v. | §   CIVIL ACTION NO. 5:24cv19-RWS-JBB |
| BOWIE COUNTY CORRECTIONAL CENTER | § |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Zachery Easter, an inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The sole named Defendant is the Bowie County Correctional Center.

In his amended complaint, Plaintiff states that on January 11, 2024, around 12:30 p.m., he was standing by the bars in Pod B-3 in Annex 2 of the jail talking to two fellow inmates. A large piece of sheetrock fell from the ceiling and hit him in the head. He states that he is suing the Bowie County Correctional Center for negligence and the injury to his head.

The Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $6.00, as required by 29 U.S.C. §1915(b). To date, Plaintiff has not complied with this order. His lawsuit is subject to dismissal for failure to prosecute or to obey an order of the Court.

However, Plaintiff's lawsuit suffers from more significant flaws. The sole named Defendant in his lawsuit is the Bowie County Correctional Center, which is a sub-unit of Bowie County and has no separate jural existence apart from the county. *Rowe v. Bowie County Correctional Center*, civil action no. 5:13cv78, 2013 U.S. Dist. LEXIS 151165 at *2 (E.D. Tex. 2013). As such, the Bowie County Correctional Center cannot be sued in its own name. *Darby v. Pasadena Police*

1

*Department*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff does not allege, much less show, that the true political entity, Bowie County, has taken explicit steps to grant the Bowie County Correctional Center jural authority, meaning that the correctional center cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Barrie v. Nueces County District Attorney's Office*, 753 F.App'x 260, 264 (5th Cir. 2018); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946 at *2, 2013 WL 2551879 (E.D.Tex. 2013). Because the Bowie County Correctional Center has no separate jural existence and is not a suable entity, Plaintiff has failed to state a claim upon which relief may be granted against the sole named Defendant.

Even if Plaintiff had named a suable entity for violating his constitutional rights, this claim would still fail. Here, Plaintiff characterizes his claim as one of negligence. *See, e.g.*, *Million v. Grounds*, civil action no. 5:14cv11, 2015 U.S. Dist. LEXIS 125020 at *11-12 (E.D.Tex., August 19, 2015), *Report adopted at* 2015 U.S. Dist. LEXIS 124184, 2015 WL 5521989 (E.D.Tex., September 17, 2015), *aff'd* 690 F.App'x 163 (5th Cir. 2017) (claim that an overhead exhaust system fell on the prisoner in the shower at the Telford Unit of the Texas Department of Criminal Justice was one of negligence); *Franco–Calzada v. United States*, 375 F.App'x 217, 220 (3rd Cir. 2010) (allegation of failure to inspect and fix faulty ladder attached to prison bunk bed was claim of negligence). However, a showing of mere negligent indifference is not enough for a constitutional claim. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Prison officials have a constitutional obligation not to be deliberately indifferent to the health or safety of the prisoners. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). In defining deliberate indifference, the Supreme Court has explained as follows:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

2

> serious harm exists, and he must also draw the inference…But an official's failure to alleviate a significant risk which he should have perceived, but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Fifth Circuit has explained that deliberate indifference is "an extremely high standard to meet" and cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020).

Even had he sued any individual officials at the Bowie County Correctional Center, which he did not, Plaintiff has alleged no facts indicating that any such official knew of and disregarded an excessive risk to inmate health or safety. *See Tripp v. Livingston*, civil action no. 6:14cv742, 2016 U.S. Dist. LEXIS 79032 (E.D. Tex., February 29, 2016), *Report adopted at* U.S. Dist. LEXIS 78773 (E.D. Tex., June 16, 2016) (allegation that table in prison dining hall broke loose from the bottom and fell on the plaintiff was claim of negligence rather than deliberate indifference and thus failed to state a claim upon which relief may be granted); *Bouknight v. Roesler*, civil action no. 3:13cv451, 2017 U.S. Dist. LEXIS 42326 at *8, 2017 WL 1102695 (S.D. Tex., March 22, 2017) (table in dining hall which broke and fell on plaintiff was claim of negligence). Any purported failure to conduct safety inspections likewise does not rise to the level of deliberate indifference. *Million*, 2015 U.S. Dist. LEXIS 125020 at *12. Plaintiff has failed to allege any facts indicating deliberate indifference and thus has failed to state a claim upon which relief may be granted.

## Conclusion

28 U.S.C. § 1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise

a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.* at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (pro se litigants are not exempt from the requirement that they plead sufficient facts to allege a plausible claim for relief or from the principle that mere legal conclusions do not suffice to prevent dismissal). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id.* at 97.

In addition to failing to follow Court orders, as described above, Plaintiff has not named any defendant amenable to suit and has not alleged facts showing that any jail officials were deliberately indifferent to his safety. Consequently, he has failed to state a claim upon which relief may be granted.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim, *see* 28 U.S.C. § 1915, and for failure to prosecute or to obey an order of the Court regarding payment of the initial partial filing fee of $6.00, *see McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 21st day of March, 2024.

*J. Boone Baxter*
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE